In re Lisa M. MELILLO, a/k/a Lisa M. Ryan, and Christopher J. Melillo, Debtors.

B–Real, LLC, Appellant,

v.

Lisa M. Melillo, a/k/a Lisa M. Ryan, and Christopher J. Melillo, Appellees.

BAP No. MB 07–060.
Bankruptcy No. 07–10238–WCH.

United States Bankruptcy Appellate Panel
of the First Circuit.

July 8, 2008.

Linh K. Tran, Esq., on brief for Appellant.

Laurel E. Bretta, Esq., on brief for Appellees.

Before VAUGHN, CARLO, and KORNREICH, United States Bankruptcy Appellate Panel Judges.

### *JUDGMENT*

KORNREICH, Bankruptcy Judge.

This cause came to be heard from the United States Bankruptcy Court for the District of Massachusetts. Upon consideration whereof, and in accordance with the Opinion entered of even date, it is now hereby **ORDERED AND ADJUDGED** that the bankruptcy court's order sustaining the Debtors' objection to the Appellant's amended proof of claim is **AFFIRMED.**

This appeal is taken from the bankruptcy court's order (the "Order") sustaining the Debtors' objection to the Appellant's amended proof of claim on the grounds that the Appellant failed to produce evidence of assignment or authority with respect to Chase credit card account ending 2954. Because the Appellant failed to prove that it is a creditor, it may not file a proof of claim pursuant to 11 U.S.C. §§ 501(a) and 502(a).[1] The Order is, therefore, **AFFIRMED.**

### BACKGROUND

The Debtors filed a chapter 13 petition in January, 2007. The deadline for filing a proof of claim was set for June 4, 2007. The Debtors' Schedule F listed an undisputed debt owed to Chase Cardmember Service ("Chase") in the amount of $4,462.27 for various charges incurred by

1. Unless otherwise noted, all statutory references by section are to sections of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

Lisa Melillo in connection with a credit card account ending 2954.

The Appellant asserts that it is the successor-in-interest to Chase's claim. On May 4, 2007, the Appellant filed a proof of claim in the amount of $5,014.19. The Appellant listed its name as "B–Real, LLC/Chase Bank USA, N.A." and attached to the proof of claim an "Account Summary" that listed information pertaining to Ms. Melillo's account. The Account Summary listed the account number ending in 2954 and information identifying Ms. Melillo, such as her redacted social security number and address. No proof of assignment of the account from Chase to the Appellant was attached.

On June 27, 2007, the Debtors filed an objection to the Appellant's proof of claim on the grounds that "No proof of liability or identification of the Debtor is attached." Believing the Debtors' objection to be based upon a lack of documentation of the debt itself under Rule 3001(c),[2] the Appellant amended its proof of claim to include the last six months of statements for Ms. Melillo's Chase account ending 2954. Thereafter, the Appellant filed a response stating, among other things, that failure to attach a writing is not a basis for disallowance of a claim under 11 U.S.C. §§ 501 and 502, that Rule 3001 does not mandate that all supporting documents be attached to the proof of claim, and that the Debtors had included the Chase debt on their Schedule F.

The bankruptcy court held a hearing on the matter. Prior to the hearing, the Debtors filed a hearing agenda that clari-

fied the basis of their objection to the Appellant's claim: "No proof of assignment of authority filed in creditor's response and Debtors object to the entire Proof of Claim." At the hearing, the Debtors argued that the Appellant had failed to demonstrate that it owned the claim or had authority to file on behalf of Chase. The Debtors further stated that they would withdraw their objection if the Appellant could provide evidence of the assignment within thirty days.

The Appellant responded that although it was "unable to produce anything with regards to the assignment," it believed it had proved ownership of the claim by submitting the proof of claim and account statements. The Appellant explained that it did not have paperwork documenting the assignment because the assignment occurred as part of a bulk transfer. The bankruptcy court sustained the Debtors' objection, reasoning:

> I think it's entirely reasonable, if your guys want to play with assignments of claims, that you have a paper trail to back yourself up. Now if you were to come in with something showing you'd assigned—a bunch of claims had been assigned to you and that listed this claim, you'd be home free. Since you can't do that, it's your fault, not their fault.

The court subsequently issued a formal order stating that "the creditor having failed to produce the required assignment," the objection to the Appellant's proof of claim was sustained. The Appellant timely appealed.[3]

**2.** Unless otherwise noted, all references to "Rule" are to the Federal Rules of Bankruptcy Procedure.

**3.** The proceeding order issued in connection with the hearing entered on the docket on September 6, 2007. Because it stated that a formal order was to be submitted, and be-

cause the formal order subsequently entered on September 12, 2007 substantively altered the September 6 order by explaining the basis for sustaining the Debtors' objection, the September 6 order was interlocutory and the appeal period did not begin to run until entry of the September 12 order. The Appellant's

## JURISDICTION

█ A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724 (1st Cir. BAP 1998). We have jurisdiction to hear appeals from "final judgments, orders and decrees ... or with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under § 157 of this title." 28 U.S.C. § 158(a); *see also Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Bank of New England*, 218 B.R. at 646. An interlocutory order "'only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" *Id.* (quoting *In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)). A bankruptcy court order sustaining an objection to a proof of claim is a final, appealable order. *Malden Mills Indus., Inc. v. Maroun (In re Malden Mills Indus., Inc.)*, 303 B.R. 688, 696 (1st Cir. BAP 2004); *Adams v. Coveney (In re Coveney)*, 217 B.R. 362, 363 (D.Mass.), *aff'd*, 162 F.3d 23 (1st Cir.1998).

## STANDARD OF REVIEW

█ We generally review findings of fact for clear error and conclusions of law *de novo*. *See TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 719 n. 8 (1st Cir.1994).

September 21, 2007 notice of appeal was,

## DISCUSSION

█ The Appellant argues that a bankruptcy court does not have discretion to disallow a claim for any reason other than those listed in § 502(b). More specifically, the Appellant argues that a bankruptcy court cannot disallow a claim for failure to attach supporting documents as required by Rule 3001. This question has not been settled in the First Circuit, and in fact courts disagree as to whether the list enumerated in § 502(b) is exclusive. *See B–Line, LLC v. Kirkland (In re Kirkland)*, 379 B.R. 341, 343–44 (10th Cir. BAP 2007) (adopting exclusive approach and providing extensive discussion of both approaches). Courts adopting the "nonexclusive approach" hold that a claim can be disallowed for failure to attach supporting documents to a proof of claim as required by Rule 3001. *Id.* Courts adopting the "exclusive approach" hold that the list enumerated in § 502(b) is exclusive and that a claim cannot be disallowed for any reason other than those so listed. *Id.* Under the exclusive approach, therefore, the failure to comply with Rule 3001's requirement that supporting documents be attached to a proof of claim is not in itself grounds to disallow a claim. *Id.*

█ Even under the exclusive approach, however, a claim may be disallowed for failure to attach supporting documents if the failure to attach the documents renders the claim unenforceable under state law. *Id.* at 348–49. Section 502(b)(1) provides that a claim can be disallowed if it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." As discussed in more detail below, under Massachusetts law an assignee must prove through "sufficient evi-

therefore, timely.

dence" that it owns the account in question. *Unifund CCR Partners v. Mendel*, No. 06–WAD–05, 2007 WL 1098640 (Mass. App.Div. Apr.10, 2007).

Here, as evidence of ownership, the Appellant offered the proof of claim, the Chase account statements and the Debtors' Schedule F. The bankruptcy court invited the Appellant to provide further proof of assignment and the Debtors offered to give the Appellant thirty days to produce it. The claim was disallowed after the Appellant stated that no such evidence existed. Thus, it is fair to say that the reason for the disallowance went beyond a mere failure to attach an assignment to the proof of claim. The apparent cause of the disallowance was the finding and conclusion of insufficient evidence of ownership under state law. There is no clear error in that finding and the conclusion is correct under § 502(b)(1) and Massachusetts law. The decision is also correct under § 501.

Only a creditor or indenture trustee may file a proof of claim, and only proofs of claim filed in accordance with § 501 are deemed allowed in the absence of an objection. 11 U.S.C. §§ 501(a), 502(a). Moreover, only a creditor or the creditor's authorized agent may execute a proof of claim.[4] Fed. R. Bankr.P. 3001(b). The question, therefore, of whether a claim should be disallowed for one of the nine reasons set forth in § 502(b) assumes that the proof of claim was filed in accordance with § 501(a) and Rule 3001(b). In other words, the question assumes that the proof of claim was filed by a creditor.

A "creditor" is an entity that has a claim against the debtor that arose at the time of or before entry of the order for relief. 11 U.S.C. § 101(10). A "claim" is "a right to payment" 11 U.S.C. § 101(5). The Supreme Court has explained that the definition of "claim" is to be construed broadly, and that a "right to payment" means "nothing more nor less than an enforceable obligation." *Pennsylvania Dept. of Public Welfare v. Davenport* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990); *Premier Capital, LLC v. Gavin (In re Gavin)*, 319 B.R. 27, 31 (1st Cir. BAP 2004). "Absent an overriding federal interest, the existence of a claim in bankruptcy is generally determined by state law." *Securities Exchange Comm'n v. Cross (In re Cross)*, 218 B.R. 76, 78 (9th Cir. BAP 1998). State law applies in this instance because the dispute is purely commercial in nature and there is no overriding federal interest. Therefore, the Appellant must demonstrate under Massachusetts law that it has an enforceable obligation against the Debtors. *See id.*

In Massachusetts, the statute of frauds does not require that the assignment of unsecured credit card accounts be evidenced by a writing. *See* Mass. Gen. Laws Ann. 259, § 1. Nevertheless, to enforce its claim, an assignee must prove that it owns the account in question. *Unifund*, 2007 WL 1098640 at *3. In the absence of an assignment document, other evidence may be used to prove that the assignee owns the account. In *Unifund*, the assignee of two credit card accounts brought collection actions against a debtor. *Id.* at *1. At trial, the assignee introduced testimony and documentary evidence to prove it was the assignee. *Id.* at *3. On appeal, the Massachusetts Appellate Division, District Court Department, concluded that the evidence, if believed, was sufficient to prove that Unifund was the assignee, and therefore had the right to enforce payment of the accounts. *Id.* In Massachusetts, therefore, the assignee of an unsecured credit card account must prove

**4.** Exceptions provided in Rules 3004 and 3005 do not apply here.

ownership of the account through sufficient evidence of the assignment *Id.*

Here, the Appellant argues that the Chase account statements, the Debtors' Schedule F and the proof of claim prove that the Appellant owns the Chase credit card account ending 2954. But all of those documents miss the mark. The account statements and Schedule F merely support the existence of the claim and the balance due. They do not establish ownership. A proof of claim constitutes "prima facie evidence of the validity and amount of the claim." *See* Fed. R. Bankr.P. 3001(f). But, in this instance, the proof of claim provides an inadequate showing of the Appellant's ownership as a transferee.[5] Further, even though Fed. R. Bankr.P. 3001(e)(1) allows a transferee to file a claim, it creates no presumption of ownership.

There is support for the Appellant's position that the failure of a transferee to provide a copy of the assignment is not a reason to disallow the claim. *See, e.g., In re Griffin,* No. 06–11130, 2007 WL 1467145, *2 (Bankr.W.D.Tex. May 17, 2007). However, in our view, the bankruptcy court's decision does not turn simply upon the Appellant's failure to provide a copy of the assignment. The decision below was based upon the Appellant's failure to provide any form of evidence establishing claim ownership.

### CONCLUSION

The Appellant failed to prove through sufficient evidence that it was the transferee of the unsecured Chase credit card account. The bankruptcy court was, therefore, correct in sustaining the Debt-

ors' objection to the Appellant's claim. The Order below is **AFFIRMED.**

---

5. The Appellant in its brief states, citing the Appendix at 34–35, that "B–Real's proof of claim specifically states that B–Real is the successor-in-interest to Chase for the Chase Debt ..." The record shows no such statement. It merely shows the name of the creditor to be "B–Real, LLC/Chase Bank USA, N.A."