NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

In re:                          )   BAP No.  NV-12-1375-JuKiD
                                )
JOWELL A. HERNANDEZ and         )   Bk. No.  10-15867
ANNA LEE G. HERNANDEZ,          )
                                )
                Debtors.        )
_____)
                                )
HAINES & KRIEGER, L.L.C.,       )
                                )
                Appellant,      )
                                )
v.                              )   M E M O R A N D U M[*]
                                )
NATIONAL CAPITAL MANAGEMENT     )
LLC,                            )
                                )
                Appellee.       )
_____)

Argued and Submitted on January 25, 2013
at Las Vegas, Nevada

Filed - March 4, 2013

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Bruce T. Beesley, Bankruptcy Judge, Presiding
_____

Appearances:    David Kreiger of Haines & Krieger, L.L.C.
                appeared for appellant Haines & Krieger, L.L.C.;
                Dustin Andrew Johnson of Muckleroy Johnson
                appeared for appellee National Capital
                Management, LLC.
                _____

Before:  JURY, KIRSCHER and DUNN, Bankruptcy Judges.

_____

     [*] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

-1-

Chapter 13[1] debtors Jowell A. Hernandez and Anna Lee G. Hernandez filed an objection to National Capital Management, LLC's (NCM) proof of claim (POC) contending, among other things, that NCM failed to provide documentation showing that it had standing to file the claim or that it had an enforceable debt against them under § 502(b)(1). The bankruptcy court overruled their objection, finding debtors' Schedule F, which listed a credit card debt owed to GE Capital/Sam's Club, constituted an evidentiary admission of the debt contained in NCM's POC.

NCM subsequently sought sanctions against debtors' attorneys, Haines & Krieger, L.L.C. (Haines), on the grounds that Haines' claim objection was not well grounded in fact or law in violation of Rule 9011. NCM further alleged that Haines engaged in a persistent pattern of filing meritless claim objections in the present case and numerous bankruptcy cases in the District of Nevada. The bankruptcy court granted NCM's motion and awarded sanctions, payable to NCM, in the amount of $3,000. This appeal followed.

Without a more detailed explanation of the reasoning for imposing sanctions based on Haines' "persistent pattern" of filing "meritless" claim objections, the manner in which the bankruptcy court exercised its discretion cannot be determined. Further, it does not appear that the safe harbor requirement under Rule 9011 was met. Accordingly, we VACATE the bankruptcy

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 and "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

court's order and REMAND the matter for the bankruptcy court to provide a more detailed explanation as to why it considered Haines' claim objections meritless under the standards of Rule 9011 in Bankruptcy Case Nos: 08-21495, 09-26913, 10-19054, 10-20824, 10-21466, and 10-31316, and to explain how the safe harbor requirement was met.

## I. FACTS

On April 5, 2010, debtors filed their chapter 13 petition. In Schedule F, debtors listed a credit card debt of $2,274 owed to "Gemb/Sam's Club Dc." Debtors listed the account number's last four digits as 7699 and indicated that the credit card had an open date of 8/1/09 and was last active 3/5/10. They left blank the corresponding columns which would identify the debt as "contingent, unliquidated, or disputed."

On April 29, 2010, NCM filed its POC (claim 4-1) in the amount of $2,389.44, which was approximately 5% greater than the sum on debtors' Schedule F for their Sam's Club credit card debt. Under the heading "Account Information", NCM showed the last four digits of the account number as 4623, not the same four digit number listed on debtors' Schedule F. The Supplemental Account Summary attached to the POC stated, among other things, that NCM was the successor to GE Capital/Sam's Club, that the date of the loan was 8/1/09 and that the last payment date was 3/5/10.

## The Claim Objection

On February 28, 2012, debtors filed an objection to NCM's POC alleging that the claim lacked prima facie validity because it was based on an insufficient writing in violation of

-3-

Rule 3001(c) and that the claim was not supported by any written evidence of an enforceable agreement or a contract between NCM and debtors or between debtors and an alleged predecessor-in-interest in violation of § 502(b)(1).

Citing Campbell v. Capital One Bank, 336 B.R. 430 (9th Cir BAP 2005) and Heath v. Am. Express Related Servs. Co., Inc. (In re Heath), 331 B.R. 424 (9th Cir. BAP 2005), debtors further contended that their objection was not simply based on NCM's violation of Rule 3001(c). Debtors asserted that they had listed the claim as disputed on the filed bankruptcy schedules, they objected to charges, interest and fees that they believed were included in the claim and they disputed that NCM could assert a valid basis under state law to enforce the obligation. Finally, debtors maintained that their objection was supported by the district court case, In re Tran, 2007 WL 1470900 (S.D. Tex. 2007), and other bankruptcy cases from Texas, Oklahoma, and Ohio. Debtors argued that, collectively, these cases stood for the proposition that a claim based on a credit card debt needed to attach documentation showing some verification of ownership by the claimant when the debt has been transferred or assigned to comply with Rule 3001(c) and, if such documentation was not attached, the POC was not entitled to prima facie validity under Rule 3001(f). In that event, debtors submitted that the burden of proof remained on the creditor (citing In re Long, 353 B.R. 1, 14 (Bankr. D. Mass. 2006) (POC not entitled to prima facie validity when documentation evidencing security interest or proof of perfection is not attached to POC) and In re White, 2008 WL 269897 (Bankr. N.D. Tex. 2008) (noting that while claim

-4-

objection arose from the lack of documentation, the burden was on creditor to prove ownership of the claim in the same manner as if they were suing the debtor in state court)). For all these reasons, debtors requested that NCM's claim be disallowed.

NCM filed a response reiterating the information on the Supplemental Account Summary. NCM admitted that its POC did not have supporting documents attached, but argued that its POC had the account's unique identifiers: (1) the card was issued by GE Capital, issuer of Sam's Club credit cards; (2) the sixteen digit account number contained the digits 7699 as indicated on debtors' Schedule F; (3) the date of the loan was 8/1/09; and (4) the balance of $2,389.44 was owed. With respect to the account number, NCM pointed out that debtors' Schedule F and NCM's POC disclosed different four digit portions of the same sixteen digit account number.[2] NCM also pointed out that debtors' Schedule F listed, without dispute, an unsecured claim for the credit card debt owed to Sam's Club, with an account containing the digits 7699, having an opened date of 8/1/09 and owing a balance of $2,274. In other words, NCM argued that its POC had almost identical information about the debt owed to Sam's Club as the undisputed listing in debtors' Schedule F. Citing In re Minbatiwalla, 424 B.R. 104, 116 (Bankr. S.D.N.Y. 2010), NCM further asserted that debtors' judicial admission that they owed the debt shifted the burden to them to refute the claim even though NCM's POC may have lacked prima facie validity

---

[2] It remains a mystery as to what the last four digits of the account number actually are.

for lack of sufficient documentation.

NCM's remaining argument was that Haines "mass produced" its claim objections which were nothing more than a "collection of general restatements of the law that [d]ebtors' counsel uses as a facade to give the appearance that its papers are somehow not frivolous." NCM indicated that Haines filed nine other objections in debtor's case which were identical.[3] NCM further identified numerous bankruptcy cases in the District of Nevada where Haines allegedly filed meritless claim objections — Bankruptcy Case Nos. 08-21495, 09-26913, 10-20824, 10-21466, and 10-31316. NCM asserted that it gave debtors' counsel the required 21-day notice under Rule 9011(c)(1)(A) and also noted that it might request the court to order debtors' counsel to pay its fees associated with responding to objections related to claim 4-1 in debtors' case and responding to objections to claim 9-1 in Bankruptcy Case No. 10-19054.

On April 17, 2012, the bankruptcy court heard argument on debtors' claim objection and overruled it. The transcript states in relevant part:

THE COURT: I have looked at your pleadings. I'm going to overrule your objection. Your firm, not you, but your firm – . . . has I think a pattern of filing objections that have no merit whatsoever. Go back to your office and tell them to stop because if I get more of these I'm going to start sanctioning your firm. Approximately, how much time did it take you to oppose this?

_____

[3] These objections are not part of the record on appeal. However, our cursory review of the various pleadings which are on the docket shows that indeed Haines filed the identical objection to nine other POCs. This case amply demonstrates the problems which arise due to boilerplate objections — one size does not fit all.

-6-

MR. ALDOUS [sic]: Your Honor, I'm sorry. I'll have to go through and look at my billing for this one.

THE COURT: Okay. I'm not going to sanction them this time. But if I see any more of these, I'm going to start sanctioning probably [$]1,000 or $2,000, and I don't think your firm wants to have that happen, but stop filing frivolous objections.

MR. ALDOUS: Sure. And, your Honor, if I may speak in our defense? In this case there's really nothing tying National Capital Management to the Sam's Club debt. The only evidence he presented was the debtors' own schedules saying they owed money to Sam's Club.

THE COURT: That's an admission. That's an evidentiary admission.

MR. ALDOUS: But he's not Sam's Club.

THE COURT: Okay.

MR. MUCKLEROY: Your Honor, that transfer occurred prior to the filing of the claim, so we weren't required to file that documentation. If the objection specifically stated that there was an issue regarding that, that's what we were provided. However, the objection states a false statement, your Honor, actually. It states on page 3, [i]t disputes the objected-to claim on the filed bankruptcy schedules. That is blatantly false.

THE COURT: I agree. I agree. Your objection is overruled. Go back and tell your office, all the lawyers who work there, that they've got to stop doing this and all the paralegals that work there that they've got to stop doing this.

MR. ALDOUS: Understood.

### The Sanctions

On May 24, 2012, NCM filed its Rule 9011 motion for sanctions against Haines. NCM asserted that the basis for debtors' objection to its POC was that they disputed the claim on their Schedules. According to NCM, debtors' counsel made a "patently false factual contention that ha[d] no evidentiary support" and therefore, they were subject to sanctions. NCM further argued that there was no legal basis for disallowance of its insufficiently documented claim when the claim corresponded

to a scheduled and undisputed debt. Thus, NCM argued, the remedy of disallowance was not warranted by existing law. NCM also again noted Haines' persistent pattern of filing baseless claim objections in bankruptcy cases in the District of Nevada. The motion made reference to NCM's compliance with the safe harbor but did not attach the letters or proposed motion to demonstrate the proper timeline.

On June 12, 2012, Haines filed its opposition to NCM's motion for sanctions. Haines argued that debtors' claim objection met the standards for Rule 9011 because it believed NCM's POC was defective. Haines acknowledged that while the POC referenced a debt scheduled by debtors, it did not show how NCM acquired the prior creditor's rights. Haines further contended that its various case citations supported its position. Finally, Haines maintained that NCM's motion for sanctions under Rule 9011 was procedurally defective because NCM filed its motion after the bankruptcy court had already decided the matter, thereby depriving Haines of the safe harbor period and its ability to withdraw the objection. In the end, Haines informed the bankruptcy court that it had changed its practices to provide more clarity in its objections to claims regarding specific defects.

On June 25, 2012, the bankruptcy court heard the matter. At the hearing, the bankruptcy court clarified that it had not previously denied sanctions and that NCM's counsel sent Haines two letters, one at the end of March and the other on April 3, 2012, prior to the April 17, 2012 hearing on the claim

-8-

objection.[4]  Those letters purportedly alerted Haines of the Rule 9011 violation, but the court made no specific finding that the letters actually complied with the safe harbor requirement under Rule 9011(c)(1)(A).  NCM's counsel reiterated that it pursued the motion because Haines engaged in a persistent pattern of filing objections to its claims and then, after NCM responded and came to court, Haines would withdraw the objection.  Apparently because it had found debtors "admitted" the debt in their Schedules, the bankruptcy court placed the burden of proof on Haines to come forth with evidence that NCM was not the successor in interest to GE Capital/Sam's Club.  The court asked Haines if it had any such evidence and Haines replied that it did not.  Accordingly, the bankruptcy court awarded NCM its attorneys' fees of $3,000 in defending the objections to its claim in this case and the other bankruptcy cases noted.

On July 18, 2012, the court entered the order granting NCM's motion for sanctions.  The order stated that Haines filed objections to NCM's POC's in Bankruptcy Cases Nos. 09-26913 (Dkt. Nos. 81, 83, 96, 97, and 112); 10-20824 (Dkt. Nos. 116, 184 and 188; 10-31316 (Dkt. Nos. 54 and 63); 10-21466 (Dkt. Nos. 69 and 95); 08-21495 (Dkt. Nos. 42, 75, 78 and 79); and 10-19054 (Dkt. Nos. 83 and 85).[5]  The order further stated that NCM filed

----

[4] The hearing transcript contains a verbal exchange between the court and NCM's counsel which makes it clear the court did not have copies of the letters or any proposed motion.

[5] Haines' claim objections with respect to these cases are not in the record on appeal nor are the transcripts of the
(continued...)

-9-

a motion in this case alleging that Haines engaged "in a persistent pattern of filing meritless claims objections in this case as well as other bankruptcy cases in the district." The "Court conclude[d] that such objections to NCM's claims were filed with no or nearly no inquiry into the circumstances, contained factual allegations that were false and put forth legal contentions that were not warranted by existing law and that the filing of such objections constituted a pattern on behalf of Haines & Kreiger, L.L.C. and that such a persistent pattern is legal grounds for sanctions pursuant to [Rule] 9011(b)(1)-(3)."

**The Appeal**

On July 23, 2012, debtors filed a notice of appeal of the order. On November 5, 2012, the Panel issued an order that gave Haines fourteen days to file a written response indicating whether it would substitute as the appellant and pursue the appeal filed by debtors. Haines filed a timely response and on November 7, 2012, the Panel entered an order substituting Haines as the appellant in place of debtors in this appeal.

**II. JURISDICTION**

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

**III. ISSUE**

Did the bankruptcy court abuse its discretion in granting

---

[5](...continued)
hearings on the objections provided.

NCM's motion for sanctions under Rule 9011?

## IV.   STANDARD OF REVIEW

We review all aspects of a bankruptcy court's decision to impose Rule 9011 sanctions for abuse of discretion. <u>Valley Nat'l Bank v. Needler (In re Grantham Bros.)</u>, 922 F.2d 1438, 1441 (9th Cir. 1991). A bankruptcy court abuses its discretion when it applies the incorrect legal rule or its application of the correct legal rule is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." <u>United States v. Loew</u>, 593 F.3d 1136, 1139 (9th Cir. 2010) (quoting <u>United States v. Hinkson</u>, 585 F.3d 1247, 1261–62 (9th Cir. 2009)(en banc))(internal quotation marks omitted).

## V.   DISCUSSION

Rule 9011 states in relevant part:

(b) Representation to the court

By presenting to the court . . . a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

-11-

"The language of Rule 9011 parallels that of [Civil Rule] 11. Therefore, courts analyzing sanctions under Rule 9011 may appropriately rely on cases interpreting [Civil Rule] 11." Winterton v. Humitech of N. Cal., LLC (In re Blue Pine, Inc.), 457 B.R. 64, 75 (9th Cir. BAP 2011) (citing Marsch v. Marsch (In re Marsch), 36 F.3d 825, 829 (9th Cir. 1994)).

**A.   Standards for Imposition of Sanctions Under Rule 9011**

Under the Rule, a filing is frivolous if it is "both baseless — lacks factual foundation — and made without a reasonable and competent inquiry." In re Blue Pine, Inc., 457 B.R. at 75 (citing Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1991) (en banc)). The attorney "has a duty to conduct a reasonable factual investigation as well as to perform adequate legal research that confirms that his position is warranted by existing law (or by a good faith argument for a modification or extension of existing law)." Id. (citing Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002)). "Thus, a finding that there was no reasonable inquiry into either the facts or the law is tantamount to a finding of frivolous." Id. (citing Townsend, 929 F.2d at 1362).

To determine whether Haines violated Rule 9011, the bankruptcy court must have judged Haines' conduct under an objective standard of reasonableness. G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003) (citing Townsend, 929 F.2d at 1362). The reasonableness of attorney conduct is measured against "the conduct of a competent attorney admitted to practice before the involved court." In re Grantham Bros., 922 F.2d at 1441.

-12-

**B.    The Claim Objection In this Case Was Not Frivolous**

Haines objected to NCM's POC on not one, but several grounds.[6]  Haines challenged NCM's POC because it lacked documentary proof under Rule 3001(c)(1) and thus contended that the POC was not entitled to prima facie validity.  Haines also asserted as a defense under § 502(b)(1) that NCM failed to provide evidence of an enforceable contract that would entitle it to make the claim against debtor under Nevada law.[7]  Finally, the claim objection included a statement that debtors disputed the "objected to claim on the Filed Bankruptcy Schedules."  For all these reasons, Haines' requested the disallowance of NCM's POC.

A fair reading of Haines' claim objection shows that its argument regarding the lack of documentation was directed towards the prima facie validity of NCM's POC and the burden of proof in the claims objection process.  Specifically, Haines questioned NCM's standing to file the claim and maintained, because of that deficiency, debtors had no evidentiary burden to overcome in objecting to NCM's POC.

Haines' citation to In re Tran, 369 B.R. 312 (S.D. Tex.

---

[6] At the sanctions hearing, NCM again complained that the sole basis for Haines' objection was that debtors disputed the claim in their schedules.  The court appeared to agree with that assertion.

[7] Although Haines' discussion in its claim objection on this point was cursory, there are specific statutes in Nevada that address actions brought to collect a credit card debt owed to a purchaser of credit card debt.  See Nev. Rev. Stat. 97A.160, 97A.165.  The bankruptcy court did not address Haines' argument under § 502(b)(1) because it overruled Haines' claim objection on other grounds.

-13-

2007) supported its arguments. In Tran, the debtor objected to eCast Settlement Corp.'s POCs because eCast, who was an assignee of three banks which allegedly issued credit cards to Tran, was a "stranger" and therefore she owed them no money. ECast responded by providing addition evidence consisting primarily of general assignment agreements between eCast and the three banks, but those assignments did not specifically identify Tran or her respective accounts. At an evidentiary hearing, eCast was assigned the burden to overcome Tran's objections. ECast attempted to introduce evidence supporting its POCs, but the assignments were excluded as hearsay. In the end, the bankruptcy court found that eCast failed to file a proper POC based upon a writing and thus its POCs were not entitled to prima facie validity. Therefore, the court found that under Fifth Circuit law, Tran had no evidentiary burden to overcome in objecting to eCast's claims. The bankruptcy court also found that eCast failed to satisfy its evidentiary burden of providing the validity and amounts of its claims under a contractual analysis under Texas law and thus disallowed its POCs. On appeal, the district court affirmed.[8]

---

[8] In a different context, we have held that "standing is prerequisite to the evidentiary benefits set forth in Rule 3001(f)." Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897 (9th Cir. BAP 2011). There, the Panel reasoned that "Rule 3001(f) states that a proof of claim is prima facie evidence of the validity and amount of the claim if it is both executed and filed in accordance with the Rule, and Rule 3001(b) requires that a claim be executed by the creditor or its authorized agent. . . . if a claim is challenged on the basis of standing, the party who filed the proof of claim must show that it is either the creditor or the creditor's authorized agent in
(continued...)

-14-

The other cases cited by Haines also legally supported its position. <u>In re Rochester</u>, 2005 WL 3670877 (Bankr. N.D. Tex. 2006)(holding that for a claim based upon a writing, the underlying documents and the assignment or transfer document are needed to comply with Rule 3001(c)); <u>In re Kendall</u>, 380 B.R. 37 (Bankr. N.D. Okla. 2007) (same). Thus, objectively, Haines' claim objection was warranted by existing law and thus could not have violated 9011(b)(2).[9]

NCM conceded that it had attached no documentation to its POC,[10] but argued that its POC still provided sufficient indicia of the claim's validity and amount in light of debtors' admissions on their schedules. Thus, according to NCM, there was enough information in the POC to shift the burden of production to debtors. <u>See</u> <u>In re Minbatiwalla</u>, 424 B.R. at 113 (citing <u>In re Jorczak</u>, 314 B.R. 474, 483 n.11 (Bankr. D. Conn. 2004) ("[W]hen a 'proof of claim' [against an estate surplus] has been filed in a chapter 7 case and the chapter 7 debtor objects to the same but scheduled the relevant claim as

---

[8](...continued)
order to obtain the benefits of Rule 3001(f)." <u>Id.</u> at 922.

[9] <u>See also</u> <u>In re Samson</u>, 392 B.R. 724, 733 (Bankr. N.D. Ohio 2008) ("There is . . . no bright-line test to determine the sufficiency of the written materials submitted by the creditor for purposes of Bankruptcy Rule 3001."); <u>In re Heath</u>, 331 B.R. at 432 ("There is no uniform standard for what must be contained in a summary.")(pertaining to credit card debt).

[10] After the bankruptcy court heard and ruled on Haines' objection to NCM's POC, further amendments to Rule 3001 took effect on December 1, 2012. Those amendments, which do not apply to this case, were intended to standardize the proofs of claim and supporting documentation filed by assignees.

-15-

undisputed, the burden is on the debtor to offer some adequate level of explanation as to why his scheduling of that claim as undisputed was incorrect.") (credit card claim)).  NCM further argued at the claims objection hearing that Haines' statement in the objection that debtors "disputed the objected to claim on the Filed Bankruptcy Schedules" was "false".

The bankruptcy court agreed, essentially adopting NCM's argument that debtors had admitted in their Schedule F owing the debt set forth in NCM's POC.  Therefore, it followed that the objected-to claim could not have been "disputed" in those same schedules and thus the statement in the claim objection was "false."  It is true, of course, that Haines' statement was indeed incorrect because NCM was nowhere to be found on debtors' schedules.  This is not surprising in light of Haines' objection to NCM's claim based on its lack of standing.

However, when Haines' statement about the "disputed" debt is considered in relation to the claim objection as a whole, see Townsend, 929 F.2d at 1364, we do not believe that this single statement was so significant as to cause Haines to be liable for sanctions for violating Rule 9011(b)(3).  There are no hard and fast rules for describing the role of the debtor's schedules to fill in gaps in a POC that otherwise lacks prima facie evidentiary status under Rule 3001(f).  See In re Minbatiwalla, 424 B.R. at 116-17 (discussing the various approaches to the role of the debtor's schedules in claim objection proceedings).  Further, because debtors can amend the schedules at any time before the case is closed, a change in the listing from undisputed to disputed has no effect on the burden associated

-16-

with the claim and the courts will not rely on such admissions. Heath, 331 B.R. at 431. See also In re Veal, 450 B.R. at 921 ("admissions" in debtors' bankruptcy schedules not conclusive evidence on issue of claimant's standing); B-Real, LLC v. Melillo (In re Melillo), 392 B.R. 1, 6 (1st Cir. BAP 2008) (information in the debtor's bankruptcy schedules that tended to establish the existence of the underlying debt "provide[d] an inadequate showing of the Appellant's ownership as a transferree.").

**C.    Persistent Pattern of "Meritless" Claims Objections**

Our inquiry into the appropriateness of the sanctions does not end here because the Rule 9011(b)(1) improper purpose inquiry remains. Even if the claim objection in this case is not considered frivolous, "if a court finds that a motion or paper, . . . , is filed in the context of a persistent pattern of clearly abusive litigation activity, it will be deemed to have been filed for an improper purpose and sanctionable." Aetna Life Ins. Co. v. Alla Med. Servs., Inc., 855 F.2d 1470, 1476 (9th Cir. 1988). On this record, we cannot tell whether Haines' conduct rises to the level of abusive litigation activity that Rule 9011 was meant to protect against — namely conduct that harasses, causes unnecessary delay, or needlessly increases the cost of litigation. See Rule 9011(b)(1).

Because the sanction motion was a contested matter subject to Rule 9014, the bankruptcy court was required to make findings of fact, either orally on the record, or in a written decision. See Rule 9014(c) (incorporating Rule 7052, which in turn incorporates Civil Rule 52). "These findings must be sufficient

-17-

to enable a reviewing court to determine the factual basis for the court's ruling." In re Veal, 450 B.R. at 919.

Although the record indicates that the bankruptcy court was concerned with Haines' conduct in other bankruptcy cases, the court never made specific factual findings with respect to the claim objections which were part of Haines' "persistent pattern of filing meritless claim objections" as stated in its order. The transcript of the sanctions hearing shows the following discussion:

THE COURT: . . . It appears to me you've tried to sidestep the Court's objection by moving back a step and listing claims with an unfounded dispute. . . . That's how it appears to me.

MR. ALDOUS: Okay. Is there a specific case you're . . . .referring to?

THE COURT: We'll discuss that later.

MR. ALDOUS: Okay.

THE COURT: I'm having a meeting with the other judges this afternoon to see if we can address this globally.

MR. ALDOUS: Okay.

While a bankruptcy court's discretion in imposing sanctions under Rule 9011 is substantial, discussion of its analysis is crucial both to insure that its discretion has not been abused and to properly inform the involved parties of the precise basis upon which any sanctions have been imposed. If each of the claims objections was "meritless" as stated in the court's order, the bankruptcy court should have discussed each objection and told Haines why it was without merit. Instead, the bankruptcy court simply said: "We'll discuss that later." Accordingly, neither Haines nor this court can discern the precise basis upon which the sanctions were imposed. "[W]hen

-18-

the record does not contain a clear basis for the court's ruling, we must vacate the court's order and remand for further proceedings." In re Veal, 450 B.R. at 920.

**D.    Safe Harbor**

Generally, as an initial inquiry, the bankruptcy court must determine whether the party seeking sanctions complied with the so-called safe harbor provision.  Rule 9011(c)(1)(A) sets forth the requirements for how a motion for sanctions is initiated. The Rule requires that a motion must be served, but not filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  The safe harbor requirements have been described as follows:  "The movant serves the allegedly offending party with a filing-ready motion as notice that it plans to seek sanctions.  After 21 days, if the offending party has not withdrawn the filing, the movant may file the Rule 11 motion with the court."  Truesdell v. S. Cal. Permanente Med. Grp., 293 F.3d 1146, 1151 (9th Cir. 2002).

The bankruptcy court made no express finding that the safe harbor requirement under Rule 9011(c)(1)(A) was met and the record on this point is sparse.  NCM made a vague reference at the sanctions hearing that it sent Haines two letters accompanied by a proposed motion but none of those documents were in the record on appeal.  As a result, there is no indication that the letters/motion were timely served.

Haines raised the issue of the safe harbor in the bankruptcy court, but does not specifically pursue the issue on

-19-

appeal. Although we generally do not consider a matter on appeal that is not specifically and distinctly argued in appellant's opening brief, <u>Affordable Housing Dev. Corp. v. Fresno</u>, 433 F.3d 1182, 1193 (9th Cir. 2006), we consider the issue here because the Ninth Circuit has stated that the safe harbor requirement is not only strictly enforced, but is mandatory. <u>Holgate v. Baldwin</u>, 425 F.3d 671, 677 (9th Cir. 2005); <u>Barber v. Miller</u>, 146 F.3d 707 (9th Cir. 1998). Further, informal letters or warnings do not meet the safe harbor requirements. <u>Barber</u>, 146 F.3d at 710-11. "It is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions." <u>Radcliffe v. Rainbow Constr. Co.</u>, 254 F.3d 772, 789 (9th Cir. 2001). It does not appear that the bankruptcy court followed this precedent.

## VI. CONCLUSION

For the reasons stated, we VACATE the sanctions order and REMAND to the bankruptcy court to allow it to make specific factual findings and conclusions of law as to why sanctions under Rule 9011 were warranted based on Haines' "persistent pattern" of filing "meritless" claim objections and to also articulate findings which support a conclusion that the moving party complied with the safe harbor requirements.